NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 08a0593n.06
Filed: October 2, 2008

Case No. 05-3886

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| JEFF WINKELMAN, et al., | ) | |
| | ) | |
| Plaintiffs-Appellants, | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| v. | ) | COURT FOR THE NORTHERN |
| | ) | DISTRICT OF OHIO |
| PARMA CITY SCHOOL DISTRICT, | ) | |
| | ) | |
| Defendant-Appellee. | ) | |
| | ) | |

BEFORE: SILER, BATCHELDER, and ROGERS, Circuit Judges.

**ALICE M. BATCHELDER, Circuit Judge.** The parents of an autistic child sued their local school district, alleging that the school district had failed to provide a "free appropriate public education" (FAPE) in accordance with the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400, *et seq.*, and seeking remuneration for doing so themselves, as well as a court order directing the school district to do so in the future. Both parties moved for judgment on the administrative record and the district court ruled for the school district. The parents appealed.

The district court had allowed the parents to proceed *pro se*, but when the case reached this court on appeal, we ordered the parents to obtain counsel, lest their appeal be dismissed. Instead, they petitioned the Supreme Court for certiorari, which the Court granted. Ultimately, the Court held that parents have rights under IDEA independent of the rights of their child, the parents' rights encompass the child's right to a FAPE, and the parents may proceed *pro se* on their own independent rights. On remand, we are again presented with the merits questions.

The Winkelmans first argue that the district court erred by placing the burden of proof on them, rather than on the school district. Next, they argue that the district court erred by finding that the school district had provided the FAPE with regard to music therapy, occupational therapy, and speech therapy. Finally, they contend that the district court erred by approving the hearing officer's decision to disregard the Winkelmans' expert-witness's testimony as not credible.

After carefully reviewing the record, the law, and the arguments presented in the appellate briefs, we conclude that each of the Winkelmans' assignments of error is without merit, and that the district court's opinion, *Winkelman v. Parma Cty. Sch. Dist.*, 411 F. Supp. 2d 722 (N.D. Ohio 2005), correctly sets out the applicable law and correctly applies that law to the facts in the record. The issuance of a full written opinion by this court would serve no useful purpose. Accordingly, for the reasons stated in the district court's opinion, we **AFFIRM**.